KLYCE *et al. v.* ALCORN COUNTY.

(In Banc.    Feb. 23, 1942.)

[6 So. (2d) 298.    No. 34839.]

Thos. **H. Johnston,** of Corinth, for appellants.

W. C. Sweat and Cary Stovall, both of Corinth, for appellee.

Argued orally by **Thos. H. Johnston**, for appellant, and by **W. C. Sweat**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Under Section 213, Code 1930, the board of supervisors of each county in the state is authorized to have its proceedings printed in some newspaper published in the county. This section does not make it mandatory upon the board to have its proceedings published in full, but if the board elect so to do, it is made mandatory that the contract for publishing the proceedings shall be let to the lowest bidder among the newspapers published in the county, if there be more than one.

Chapter 324, Laws 1938, makes it mandatory on the board to publish a synopsis of its proceedings, and prescribes the contents of the synopsis; but this chapter expressly provides that it shall not be so construed as to require other or additional publication in those counties wherein the board elects, under Section 213, Code 1930, to contract for the publication of its proceedings in full. For the reasons flowing out of the facts hereinafter set forth, Chapter 324 disappears as a factor in the present case, and no further mention of it will be made.

At its March, 1941, term the Board of Supervisors of Alcorn County entered an order to the effect that at its April, 1941, term it would "let contract for publication of the proceedings of its board for a period of two years, and also contract for other publications required by law to be made by this board"—the order further recited that there was more than one newspaper published in the county continuously for more than one year, and directed that notice by publication be given that sealed bids would be recived and considered at the April term aforementioned.

The notice for bids was duly published, and in response thereto two newspapers of the county submitted sealed bids, and both of them were for the publication of the proceedings of the board—not for the publication of synopses thereof. The bid of the "Corinthian" was $15 per month "for printing the proceedings of the board," and its bid for the publication of all legal notices was 1½c per word for the first insertion and ¾c per word for subsequent insertions. The bid of the "Journal" was $25 per month for the publication of the proceeding, and for the legal notices 2c per word for the first insertion and 1c per word for each subsequent insertion.

Upon consideration of the bids, two members of the board voted for the "Corinthian" and three for the "Journal." The three who thus voted explained that they considered that the "Journal" had submitted the lowest responsible bid, which explanation was entered on the minutes of the board. And an order was made awarding the contract to the "Journal." A bill of exceptions was duly presented and signed, and an appeal from the order was taken to the circuit court which affirmed the order of the board, and the "Corinthian" has appealed therefrom to this court.

Upon the face of the written bids, that of the "Corinthian" is manifestly the lowest, except for the following sentence which appears in the bid of the "Journal": "We also agree and contract to charge the legal rate

of the State of Mississippi for such publication in case the minutes of the board would not amount to the sum of $25.00 as computed by the legal rate of two cents for each word for the first insertion and one cent for each additional insertion—in no case would exceed the sum of $25.00 for any one month.''

It is argued that, inasmuch as the ''Journal'' offered this stipulation, it was within the fact-finding province of the board to determine that the amount to be paid thereunder might be less on an average than the $15 per month bid by the ''Corinth.'' But a stipulation to the same effect was written by law into the bid of the ''Corinthian.'' Section 213, Code 1930, expressly provides that the cost of the publication therein authorized ''shall not exceed the sum fixed by the law for publishing legal notices''—and this is found in Section 1813, Code 1930, to be two cents per word for the first insertion and one cent per word for each subsequent insertion. The stipulation made by the ''Journal'' was, therefore, no more than that it would not in any event charge more than the law allowed, and, as already stated, the law itself inserted the same stipulation in the bid of the ''Corinthian.''

The statute in plain and unambiguous terms requires the contract to be let to the lowest bidder. There are found in it no such qualifications as the lowest and best bidder, or the lowest responsible bidder, and no member of the board was authorized to attach thereto the additional element of responsible bidder, which three of the members here assumed to do. And we can well see that the legislature had a deliberate and considered purpose in the use of the plain and unqualified term—lowest bidder. Newspapers often become partisans to some extent in county politics; and in the discharge of their public functions they ought to be free to do so, under requisite circumstances. In awarding contracts among them, such as here in question, it would not be in the public interest that loopholes should be left by which political favoritism could be shown.

. It may be that if a so-called newspaper offering a bid has such a small circulation that to publish therein would be of no substantial service to the county at large, or if its circulation is confined to some small area or community, or particular group of persons therein, or of its plant, equipment, and personnel are wholly inadequate to the undertaking, the board would, upon a finding of fact or facts to that effect, be authorized to lay aside that bid as not being by a newspaper of the character contemplated by the statute. But this suggestion is made by way of reservation and not as decision, for the reason that no such facts or any finding thereof appears in this record.

Reversed and judgment here for appellant.